{¶ 15} Being unable to agree with the majority, I respectfully dissent.
 {¶ 16} The majority concludes the trial court did not abuse its discretion when finding there was reliable, probative, and substantial evidence supporting the commission's denial of the permit sought by appellant.
 {¶ 17} As the majority acknowledges, the Supreme Court of Ohio has defined the evidence R.C. 119.12 requires as follows:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. The affirmance of the denial of the subject permit is premised upon R.C. 4303.292(A)(2)(c), which states:
(A) The division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds:
* * *
(2) That the place for which the permit is sought:
* * *
(c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation under it by the applicant.
 {¶ 18} The record before us in this case does not, in my view, rise to the level required by law and a number of relevant cases decided by this court. Of particular concern is the speculative nature of much of the testimony objecting to the issuance of the permit. It is this type of evidence that is lacking in probative value and therefore lacking in reliability. See Jane Beck v. Liquor Control Comm. (Nov. 2, 1999), Franklin App. No. 98AP-1464; Meslat v. Ohio Liquor Control Comm.,
Franklin App. No. 05AP-318, 2005-Ohio-5491.
 {¶ 19} Since I do not find the record supports the conclusion that the commission's decision is supported by reliable, probative, and substantial evidence, the trial court abused its discretion in affirming the commission's decision. I would therefore sustain appellant's assignment of error and reverse the decision of the trial court.